UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MNG 2005, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:18-cv-01155-JAR |
| vs. | ) |
| | ) |
| PAYMENTECH, LLC, | ) |
| | ) |
| and | ) |
| | ) |
| J.P. MORGAN CHASE & CO., | ) |
| | ) |
| Serve: CT Corporation System, Registered Agent | ) |
|        120 South Central Avenue, Suite 400 | ) |
|        St. Louis, MO 63105 | ) |
| | ) |
| VISA USA, INC., | ) |
| | ) |
| Serve: CSC-Lawyers Incorporating Service | ) |
|        Company, Registered Agent | ) |
|        221 Bolivar Street | ) |
|        Jefferson City, MO 65101 | ) |
| | ) |
| and | ) |
| | ) |
| MASTERCARD INTERNATIONAL, INCORPORATED, | ) |
| | ) |
| Serve: CT Corporation System, Registered Agent | ) |
|        120 South Central Avenue, Suite 400 | ) |
|        St. Louis, MO 63105 | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

AVERMENTS AS TO ALL COUNTS

COMES NOW Plaintiff, MNG 2005, INC., by and through counsel, and for its First Amended Complaint, states to the court as follows:

1.      Plaintiff MNG 2005, Inc. (hereinafter "MNG") is a Missouri corporation existing by virtue of law and doing business in the State of Missouri.

2.      Defendant Paymentech, LLC (hereinafter "Paymentech"), is an Ohio corporation doing business within the State of Missouri, and entered into a contract for services for credit card payments with the MNG.

3.      Defendant J.P. Morgan Chase & Co. (hereinafter "Chase") is a Delaware corporation doing business within the State of Missouri, and at all times relevant herein owned Paymentech, and terminated MNG's credit card processing for alleged violations of the Merchant Agreement that was entered into between MNG and Paymentech. Said Merchant Agreement is attached hereto and marked as Amended Complaint Exhibit 1.

4.      Defendant Visa USA, Inc. (hereinafter "Visa"), whose principle business is 900 Metro Center Boulevard, Foster City, California 94404 and doing business in the State of Missouri, is a credit card transaction company that facilitates payments between customers and merchants, and at all times relevant herein, without proper notice and without a legal basis, seized $25,000.00 of MNG's funds that were retained by Paymentech, acting as an agent for Visa, in violation of MNG's rights.

5.      Defendant Mastercard International, Incorporated (hereinafter "Mastercard"), is a corporation doing business in the State of Missouri and existing by virtue of law, with its chief operations center located at 2200 Mastercard Boulevard, O'Fallon, MO 63368, is a credit card transaction company that facilitates payments between customers and merchants, and at all times relevant herein, without proper notice and without a legal basis, has threatened and/or informed Paymentech that it intends to seize a significant portion of the remaining funds held by Paymentech.

6. On or about April 2, 2018, Chase, by and through its agent, Paymentech, entered into an agreement in which Paymentech would process credit card transactions for MNG.

7. On May 1, 2018, Chase stopped processing credit card payments. Said correspondence is attached hereto and marked as Amended Complaint Exhibit 2.

8. Prior to May 1, 2018, Paymentech stopped transferring batches of settled and refused to settle transactions for purchases made on line with which MNG had an obligation to fill and deliver.

9. MNG was required to fill the orders in the absence of payment since the customers had paid using their Visa and/or Mastercard accounts, even though the payments were withheld.

10. Upon information and belief, before any termination of services, Paymentech withheld and failed to pay over in excess of $66,000.00 in funds due to MNG.

11. The determination made by Chase was due to a "violation" of 10.3 of the Merchant Agreement.

12. Chase and Paymentech failed to provide adequate notice and repeatedly ignored MNG's request for resolution status on settlement of the batches and queries regarding the reason for the cessation of processing payments.

13. Paragraph 10.3 of the Merchant Agreement states that they may terminate the agreement immediately if a "merchant is determined to excess chargebacks, b) that Chase Paymentech determines, in its reasonable discretion, that how about the merchant's transactions increase excessive anticipated risks, c) the representation or warranting agreement, including the application or schedule A is determined to be incorrect in any respect when made or deemed to be made, d) merchant fails to comply with any term, covenant, condition or agreement contained in the

agreement, e) a case or other proceeding commenced by or against the merge in any court of competent jurisdiction seeking relief under the bankruptcy code .... f) if Chase Paymentech, in its reasonable discretion, deems merchant to be financially insecure, g) if any payment brand notifies Chase Paymentech or member is no longer willing to accept member's transaction data or requires ... h) merchant or any person controlling merchant business is listed in one or more databases of terminate or high risk merchants maintain by payment brands or merchant engages in conduct that 1) creates could tend to create harm or loss to the good will of the payment brand Chase Paymentech or member or causes Paymentech or member to violate the payment brand moves or rules or applicable law or results in Paymentech member or merchant's participation in any risk based program on the payment brand rules.

14. MNG was never notified which part of paragraph 10.3 MNG purportedly violated nor was MNG given an opportunity to resolve and/or dispute Chase's determination.

15. At all times relevant herein, MNG never violated the terms contained in paragraph 10.3 of the Merchant Agreement.

16. Moreover, inquiries with Paymentech personnel or staff indicated that it was "believed" that Paymentech was suspicious or that they believed MNG was engaged in the sale of illegal substances.

17. MNG offered to provide a list of products it sells online and offered to make that product list available detailing all of the products it sells, all of which are in conformity with existing law, none of which contained controlled or illicit or illegal substances.

18. As a result of the termination of the merchant account, Paymentech and Chase then listed MNG as a "terminated merchant," which then triggered the cessation and cancellation of other contracts that MNG had with respect to credit card processing.

19. On or about June 21, 2018, again without notice, Visa seized $25,000.00 of MNG's funds.

20. Paymentech, by and through its authorized agents, advised that Mastercard would likely do the same.

## COUNT I AGAINST PAYMENTECH AND CHASE - CONTRACT

COMES NOW Plaintiff, MNG 2005, INC., by and through counsel, and for Count I of its First Amended Complaint against Defendants Paymentech and Chase, states to the court as follows:

21. Plaintiff restates and realleges the averments contained in paragraphs 1 through 20 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

22. By withholding funds without notification to MNG, Paymentech withholding MNG's funds in the absence of a determination violates the terms of their merchant agreement in that was MNG provided thirty days notice and that MNG did not have excessive chargebacks.

23. Further, there would be no basis to determine that MNG's transactions presented increase or excessive anticipated risks or affected, adversely or otherwise, the payment brand.

24. As a result of the termination, MNG has lost the contracts with other credit card processors based on Paymentech and Chase's placement of MNG on the terminated merchant list.

25. Paymentech did not respond to repeated requests to resolve or for an accounting of the determination which necessitated the filing of a temporary restraining order in the Circuit Court of the County of St. Louis, State of Missouri, in Cause Number 18SL-CC01413.

26. Paymentech and Chase wrongfully terminated the contract in that said termination was not justified and Paymentech and Chase abused its "reasonable discretion" to find that MNG had violated the terms of the agreement.

27. Further, by placing MNG on the terminated merchant list, MNG cannot obtain credit services from any or credit card services for processing from any provider.

28. As a result of Paymentech's and Chase's breach and the conduct described herein, MNG has been damaged and will continue to incur damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendants Paymentech and Chase for damages in excess of $75,000.00, and for such other and further orders this court deems just and proper in the premises.

### COUNT II AGAINST PAYMENTECH - LIBEL AND SLANDER

COMES NOW Plaintiff, MNG 2005, INC., by and through counsel, and for Count II of its First Amended Complaint against Defendant Paymentech, states to the court as follows:

29. Plaintiff restates and realleges the averments contained in paragraphs 1 through 28 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

30. When communicating by phone with representatives of MNG, Paymentech described the behavior accused MNG of engaging in illegal activities, thus, casting doubt upon the character of MNG by accusing MNG of false claims based on Paymentech's belief that MNG was engaged in the sale of marijuana and/or illegal products.

31. The assertion by Paymentech that MNG was engaged in illegal activities is actionable for the reason that MNG enjoys a good reputation in the community which consists of its customers,

suppliers and vendors, that the statement and assertion made by Paymentech about MNG's business is false, without merit and conclusory without any investigation, and is therefore libelous.

32. Further, Paymentech's assertions and statements were subsequently published by placing or aiding or used as an aid to justify placing MNG on the terminated merchant list, causing MNG to incur substantial damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Paymentech for damages in excess of $75,000.00, and for such other and further orders this court deems just and proper in the premises.

## COUNT III AGAINST PAYMENTECH - CONVERSION

COMES NOW Plaintiff, MNG 2005, INC., by and through counsel, and for Count III of its First Amended Complaint against Defendant Paymentech, states to the court as follows:

33. Plaintiff restates and realleges the averments contained in paragraphs 1 through 32 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

34. Paymentech has withheld, without right or permission, funds belonging to MNG in the amount of $66,000.00.

35. Paymentech is responsible for conversion in that MNG was damaged.

WHEREFORE, Plaintiff prays for an order of this court awarding MNG $66,000.00 plus attorney's fees and costs, and for judgment against Paymentech for damages in excess of $75,000.00 for unlawful conversion, and for such other and further orders this court deems just and proper in the premises.

## COUNT IV AGAINST VISA - CONTRACT

COMES NOW Plaintiff, MNG 2005, INC., by and through counsel, and for Count IV of its First Amended Complaint against Defendant Visa, states to the court as follows:

36. Plaintiff restates and realleges the averments contained in paragraphs 1 through 35 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

37. Visa appropriated by levying a fine and/or sanction against MNG and demanded this payment without notice to MNG, nor by making demand upon MNG but, rather, by making demand upon Paymentech.

38. The assessment was purportedly based on an assertion that MNG's conduct was non-compliant with the terms of the agreement.

39. Under Visa's rules, a determination of a violation of the Visa may be made based on either the response from a member to a notification of investigation or other valuable information, or the member's failure to respond to a notification of investigation and to provide all information requested.

40. Visa, nor any of its agents, ever made such a request or of MNG.

41. Further, Visa violated its own rules for the assessment by failing to make a proper determination.

42. Visa assessed a $25,000.00 non-compliance assessment which was paid by Paymentech.

43. Paymentech purportedly had a duty to Visa but also owed a duty to MNG to make certain that MNG's rights as a merchant was in conformity with the contract or at the very minimum

that MNG was aware of the reason for the action before Paymentech turned over funds belonging to MNG.

44. Visa's own rules provide that a "first-time violation" for non-compliance could be a warning letter with specific dates for correction and a fine of up to $1,000.00.

45. Visa never notified MNG at any time of any violation other than when Visa assessed the fine through Paymentech. MNG learned of the assessment only after receiving a card processing statement.

46. The $25,000.00 non-compliance fee is reserved for a fourth violation of the same rule in a twelve month period after notification of the first violation. In this instance, notification was never made and the agreement itself had only been in effect for less than thirty days.

47. Further, Visa failed and refused to respond to demands for explanation or resolution made by and through its agent, Paymentech, and, as such, failed to act within the scope of its agreement with merchants such as MNG, thereby causing MNG to be damaged.

WHEREFORE, Plaintiff prays for judgment against Defendant Visa for the return of the $25,000.00 non-compliance fee charged to MNG, and for judgment against Visa for damages in excess of $75,000.00, and for such other and further orders this court deems just and proper in the premises.

## COUNT V AGAINST MASTERCARD - DECLARATORY JUDGMENT

COMES NOW Plaintiff, MNG 2005, INC., by and through counsel, and for Count V of its First Amended Complaint against Defendant Mastercard, states to the court as follows:

48. Plaintiff restates and realleges the averments contained in paragraphs 1 through 47 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

49. Paymentech is still withholding in excess of $38,000.00 to which Paymentech has refused to turn over to MNG based on Paymentech's statement that the "fine" or non-compliance fees levied by Mastercard will be "substantial."

50. Mastercard never notified MNG at any time of any violation.

WHEREFORE, Plaintiff prays for judgment against Defendant Mastercard declaring that Mastercard has no right to assess a "fine" or a non-compliance fee to MNG, and for such other and further orders this court deems just and proper in the premises.

### COUNT VI AGAINST PAYMENTECH, CHASE AND VISA - TORTIOUS INTERFERENCE OF CONTRACT

COMES NOW Plaintiff, MNG 2005, INC., by and through counsel, and for Count VI of its First Amended Complaint against Defendants Paymentech, Chase and Visa, states to the court as follows:

51. Plaintiff restates and realleges the averments contained in paragraphs 1 through 47 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

52. MNG had a valid contract for payment processing services with Signapay.

53. MNG had negotiated an agreement for expanded service coverage which would substantially enhance MNG's ability to provide services to its customers and would substantially reduce MNG's costs for banking and credit payment processing.

54. MNG was denied the benefit of the agreement because Paymentech, Chase and Visa reported MNG as a "Terminated Merchant," triggering the blacklisting of MNG from any payment processing provider.

55. As a result of denominating MNG as a "Terminated Merchant," Signapay was forced to terminate its existing contract with MNG, thereby causing MNG substantial damages.

56. The actions of Paymentech, Chase and Visa were intentional and without justification or excuse in that the exercise of reasonable discretion would have revealed that MNG did violate the terms of its agreement.

WHEREFORE, Plaintiff prays for judgment against Defendants Paymentech, Chase and Visa for damages for tortious interference of contract in excess of $75,000.00, and for such other and further orders this court deems just and proper in the premises.

                LAW OFFICE OF NATHAN S. COHEN

BY:   /s/ Nathan S. Cohen
        Nathan S. Cohen, #36072
        Attorney for Plaintiff
        210 South Bemiston Avenue
        St. Louis, MO 63105
        (314) 727-6088 - Telephone
        (314) 727-6081 - Facsimile
        nathan@nathanscohen.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing was electronically filed on August 10, 2018, with the Clerk of the United States District Court, Eastern District of Missouri, by using the CM/ECF filing system, and that participants in the case who are registered users will be served by the system pursuant to court rule.

                /s/ Nathan S. Cohen