UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MNG 2005, INC., | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:18-cv-01155-JAR ) ) |
| PAYMENTECH, LLC, *et al*. | ) ) |
|     Defendants. | ) ) |

**DEFENDANT PAYMENTECH, INC.'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

COMES NOW Defendant Paymentech, LLC. ("Paymentech"), through counsel, and for its Answer and Affirmative Defenses to Plaintiff MNG 2005, Inc.'s First Amended Complaint, states as follows:

1. Plaintiff MNG 2005, Inc. (hereinafter "MNG") is a Missouri corporation existing by virtue of law and doing business in the State of Missouri.

**ANSWER: Paymentech is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1, and therefore denies the same.**

2. Defendant Paymentech, LLC (hereinafter "Paymentech"), is an Ohio corporation doing business within the State of Missouri, and entered into a contract for services for credit card payments with the MNG.

**ANSWER:  Paymentech denies that it is an Ohio corporation.  Paymentech admits that it does business in the State of Missouri.  Paymentech admits that it entered into a Merchant Application and Agreement ("Merchant Agreement") with Plaintiff MNG 2005,**

Inc. ("MNG").  The Merchant Agreement speaks for itself and is the best evidence of its contents.  Paymentech denies all remaining allegations in Paragraph 2.

3. Defendant J.P. Morgan Chase & Co. (hereinafter "Chase") is a Delaware corporation doing business within the State of Missouri, and at all times relevant herein owned Paymentech, and terminated MNG's credit card processing for alleged violations of the Merchant Agreement that was entered into between MNG and Paymentech.  Said Merchant Agreement is attached hereto and marked as Amended Complaint Exhibit 1.

**ANSWER:  Paymentech admits that Defendant JPMorgan Chase Bank, N.A. ("Chase") owns Paymentech.  Paymentech admits that Chase terminated MNG's credit card processing for violating the Merchant Agreement.  Paymentech denies that the Merchant Agreement is attached to the First Amended Complaint.  Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies the same.**

4. Defendant Visa USA, Inc. (hereinafter "Visa"), whose principle business is 900 Metro Center Boulevard, Foster City, California 94404 and doing business in the State of Missouri, is a credit card transaction company that facilitates payments between customers and merchants, and at all times relevant herein, without proper notice and without a legal basis, seized $25,000.00 of MNG's funds that were retained by Paymentech, acting as an agent for Visa, in violation of MNG's rights.

**ANSWER: The Court dismissed all claims against Defendant Visa USA, Inc. on August 2, 2019.  *See* ECF 67.  To the extent a response is required, Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and therefore denies the same.**

5. Defendant Mastercard International, Incorporated (hereinafter "Mastercard"), is a corporation doing business in the State of Missouri and existing by virtue of law, with its chief operations center located at 2200 Mastercard Boulevard, O'Fallon, MO 63368, is a credit card transaction company that facilitates payments between customers and merchants, and at all times relevant herein, without proper notice and without a legal basis, has threatened and/or informed Paymentech that it intends to seize a significant portion of the remaining funds held by Paymentech.

**ANSWER: Plaintiff voluntarily dismissed all claims against Defendant Mastercard International, Inc. on October 4, 2018.  *See* ECF 51, 53.  To the extent a response is required, Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies the same.**

6. On or about April 2, 2018, Chase, by and through its agent, Paymentech, entered into an agreement in which Paymentech would process credit card transactions for MNG.

**ANSWER: Paymentech admits that Chase, Paymentech, and Plaintiff entered into the Merchant Agreement.  Paymentech denies all of the remaining allegations in Paragraph 6.**

7. On May 1, 2018, Chase stopped processing credit card payments.  Said correspondence is attached hereto and marked as Amended Complaint Exhibit 2.

**ANSWER:  Paymentech denies the allegations in Paragraph 7.**

8. Prior to May 1, 2018, Paymentech stopped transferring batches of settled and refused to settle transactions for purchases made on line with which MNG had an obligation to fill and deliver.

**ANSWER:  Paymentech admits that it stopped processing payment card transactions for MNG on May 1, 2018.  Paymentech denies all of the remaining allegations in Paragraph 8.**

9. MNG was required to fill the orders in the absence of payment since the customers had paid using their Visa and/or Mastercard accounts, even though the payments were withheld.

**ANSWER:  Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the same.**

10. Upon information and belief, before any termination of services, Paymentech withheld and failed to pay over in excess of $66,000.00 in funds due to MNG.

**ANSWER: Paymentech denies the allegations in Paragraph 10.**

11. The determination made by Chase was due to a "violation" of 10.3 of the Merchant Agreement.

**ANSWER:  Paymentech denies the allegations in Paragraph 11.**

12. Chase and Paymentech failed to provide adequate notice and repeatedly ignored MNG's request for resolution status on settlement of the batches and queries regarding the reason for the cessation of processing payments.

**ANSWER:  Paymentech denies the allegations in Paragraph 12.**

13. Paragraph 10.3 of the Merchant Agreement states that they may terminate the agreement immediately if a "merchant is determined to excess chargebacks, b) that Chase Paymentech determines, in its reasonable discretion, that how about the merchant's transactions increase excessive anticipated risks, c) the representation or warranting agreement, including the application or schedule A is determined to be incorrect in any respect when made or deemed to be made, d) merchant fails to comply with any term, covenant, condition or agreement contained in

the agreement, e) a case or other proceeding commenced by or against the merge in any court of competent jurisdiction seeking relief under the bankruptcy code .... f) if Chase Paymentech, in its reasonable discretion, deems merchant to be financially insecure, g) if any payment brand notifies Chase Paymentech or member is no longer willing to accept member's transaction data or requires ... h) merchant or any person controlling merchant business is listed in one or more databases of terminate or high risk merchants maintain by payment brands or merchant engages in conduct that 1) creates could tend to create harm or loss to the good will of the payment brand Chase Paymentech or member or causes Paymentech or member to violate the payment brand moves or rules or applicable law or results in Paymentech member or merchant's participation in any risk based program on the payment brand rules.

**ANSWER:  The allegations of Paragraph 13 purport to characterize and/or reference Section 10.3 of the Merchant Agreement.  Paymentech states that the complete language and/or content of Section 10.3 of the Merchant Agreement can be ascertained from the Merchant Agreement itself and Paymentech denies any mischaracterizations of Section 10.3 contained in Paragraph 13.  Paymentech denies all remaining allegations in Paragraph 13.**

14. MNG was never notified which part of paragraph 10.3 MNG purportedly violated nor was MNG given an opportunity to resolve and/or dispute Chase's determination.

**ANSWER:  Paymentech denies the allegations in Paragraph 14.**

15. At all times relevant herein, MNG never violated the terms contained in paragraph 10.3 of the Merchant Agreement.

**ANSWER:  Paymentech denies the allegations in Paragraph 15.**

16. Moreover, inquiries with Paymentech personnel or staff indicated that it was "believed" that Paymentech was suspicious or that they believed MNG was engaged in the sale of illegal substances.

**ANSWER:  Paymentech denies the allegations in Paragraph 16.**

17. MNG offered to provide a list of products it sells online and offered to make that product list available detailing all of the products it sells, all of which are in conformity with existing law, none of which contained controlled or illicit or illegal substances.

**ANSWER:  Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies the same.**

18. As a result of the termination of the merchant account, Paymentech and Chase then listed MNG as a "terminated merchant," which then triggered the cessation and cancellation of other contracts that MNG had with respect to credit card processing.

**ANSWER:  Paymentech admits that it reported MNG as a terminated merchant. Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore denies the same.**

19. On or about June 21, 2018, again without notice, Visa seized $25,000.00 of MNG's funds.

**ANSWER:  Paymentech denies the allegations in Paragraph 19.**

20. Paymentech, by and through its authorized agents, advised that Mastercard would likely do the same.

**ANSWER:  Paymentech denies the allegations in Paragraph 20.**

COUNT I AGAINST PAYMENTECH AND CHASE - CONTRACT

21.     Plaintiff restates and realleges the averments contained in paragraphs 1 through 20 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

**ANSWER: Paymentech restates and incorporates by reference its answers to Paragraph 1 through 20 of MNG's First Amended Complaint as though full set forth herein.**

22.     By withholding funds without notification to MNG, Paymentech withholding MNG's funds in the absence of a determination violates the terms of their merchant agreement in that was MNG provided thirty days' notice and that MNG did not have excessive chargebacks.

**ANSWER:  Paymentech denies the allegations in Paragraph 22.**

23.     Further, there would be no basis to determine that MNG's transactions presented increase or excessive anticipated risks or affected, adversely or otherwise, the payment brand.

**ANSWER:  Paymentech denies the allegations in Paragraph 23.**

24.     As a result of the termination, MNG has lost the contracts with other credit card processors based on Paymentech and Chase's placement of MNG on the terminated merchant list.

**ANSWER: Paymentech denies the allegations in Paragraph 24.**

25.     Paymentech did not respond to repeated requests to resolve or for an accounting of the determination which necessitated the filing of a temporary restraining order in the Circuit Court of the County of St. Louis, State of Missouri, in Cause Number 18SL-CC01413.

**ANSWER: Paymentech denies the allegations in Paragraph 25.**

26.     Paymentech and Chase wrongfully terminated the contract in that said termination was not justified and Paymentech and Chase abused its "reasonable discretion" to find that MNG had violated the terms of the agreement.

**ANSWER:  Paymentech denies the allegations in Paragraph 26.  Answering further, Paymentech states that the Court has already ruled that the "Merchant Agreement does not require 'reasonable discretion' in making" the decision to immediately terminate the Merchant Agreement, which immediate termination is "expressly authorize[d]."  ECF 67 at 4.**

27.    Further, by placing MNG on the terminated merchant list, MNG cannot obtain credit services from any or credit card services for processing from any provider.

**ANSWER:  Paymentech denies the allegations in Paragraph 27.**

28.    As a result of Paymentech's and Chase's breach and the conduct described herein, MNG has been damaged and will continue to incur damages in an amount in excess of $75,000.00.

**ANSWER:  Paymentech denies the allegations in Paragraph 28.**

COUNT II AGAINST PAYMENTECH - LIBEL AND SLANDER

29.    Plaintiff restates and realleges the averments contained in paragraphs 1 through 28 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

**ANSWER:  Paymentech states that the Court dismissed Count II of the First Amended Complaint on August 2, 2019, and therefore no response is required.  *See* ECF 67.  To the extent a response is required, Paymentech restates and incorporates by reference its answers to Paragraph 1 through 28 of MNG's First Amended Complaint as though full set forth herein.**

30.    When communicating by phone with representatives of MNG, Paymentech described the behavior accused MNG of engaging in illegal activities, thus, casting doubt upon the character of MNG by accusing MNG of false claims based on Paymentech's belief that MNG was engaged in the sale of marijuana and/or illegal products.

**ANSWER**: **Paymentech states that the Court dismissed Count II of the First Amended Complaint on August 2, 2019, and therefore no response is required.** ***See*** **ECF 67. To the extent a response is required, Paymentech denies the allegations in Paragraph 30.**

31. The assertion by Paymentech that MNG was engaged in illegal activities is actionable for the reason that MNG enjoys a good reputation in the community which consists of its customers, suppliers and vendors, that the statement and assertion made by Paymentech about MNG's business is false, without merit and conclusory without any investigation, and is therefore libelous.

**ANSWER**: **Paymentech states that the Court dismissed Count II of the First Amended Complaint on August 2, 2019, and therefore no response is required.** ***See*** **ECF 67. To the extent a response is required, Paymentech denies the allegations in Paragraph 31.**

32. Further, Paymentech's assertions and statements were subsequently published by placing or aiding or used as an aid to justify placing MNG on the terminated merchant list, causing MNG to incur substantial damages.

**ANSWER**: **Paymentech states that the Court dismissed Count II of the First Amended Complaint on August 2, 2019, and therefore no response is required.** ***See*** **ECF 67. To the extent a response is required, Paymentech denies the allegations in Paragraph 32.**

<u>COUNT III AGAINST PAYMENTECH - CONVERSION</u>

33. Plaintiff restates and realleges the averments contained in paragraphs 1 through 32 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

**ANSWER: Paymentech restates and incorporates by reference its answers to Paragraph 1 through 32 of MNG's First Amended Complaint as though full set forth herein.**

34.     Paymentech has withheld, without right or permission, funds belonging to MNG in the amount of $66,000.00.

**ANSWER:  Paymentech denies the allegations in Paragraph 34.**

35.     Paymentech is responsible for conversion in that MNG was damaged.

**ANSWER:  Paymentech denies the allegations in Paragraph 35.**

### COUNT IV AGAINST VISA - CONTRACT

36.     Plaintiff restates and realleges the averments contained in paragraphs 1 through 35 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

**ANSWER: The allegations in Paragraph 36 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required.  *See* ECF 67. To the extent a response is required, Paymentech restates and incorporates by reference its answers to Paragraph 1 through 35 of MNG's First Amended Complaint as though full set forth herein.**

37.     Visa appropriated by levying a fine and/or sanction against MNG and demanded this payment without notice to MNG, nor by making demand upon MNG but, rather, by making demand upon Paymentech.

**ANSWER: The allegations in Paragraph 37 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required.  *See* ECF 67. To the extent a response is required, Paymentech denies the allegations in Paragraph 37.**

38. The assessment was purportedly based on an assertion that MNG's conduct was non-compliant with the terms of the agreement.

**ANSWER: The allegations in Paragraph 38 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required. *See* ECF 67. To the extent a response is required, Paymentech denies the allegations in Paragraph 38.**

39. Under Visa's rules, a determination of a violation of the Visa may be made based on either the response from a member to a notification of investigation or other valuable information, or the member's failure to respond to a notification of investigation and to provide all information requested.

**ANSWER: The allegations in Paragraph 39 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required. *See* ECF 67. To the extent a response is required, Paymentech states that Paragraph 39 purports to characterize and/or reference the Visa Rules. Paymentech states that the complete language and/or content of the Visa Rules can be ascertained from the Visa Rules themselves and Paymentech denies any mischaracterizations of the Visa Rules contained in Paragraph 39. Paymentech denies all remaining allegations in Paragraph 39.**

40. Visa, nor any of its agents, ever made such a request or of MNG.

**ANSWER: The allegations in Paragraph 40 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required. *See* ECF 67. To the extent a response is required, Paymentech does not possess knowledge or information**

**sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and therefore denies the same.**

41. Further, Visa violated its own rules for the assessment by failing to make a proper determination.

**ANSWER: The allegations in Paragraph 41 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required. *See* ECF 67. To the extent a response is required, Paymentech denies the allegations in Paragraph 41.**

42. Visa assessed a $25,000.00 non-compliance assessment which was paid by Paymentech.

**ANSWER: The allegations in Paragraph 42 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required. *See* ECF 67. To the extent a response is required, Paymentech admits that Visa assessed a $25,000 fine against Paymentech.  Paymentech denies all remaining allegations in Paragraph 42.**

43. Paymentech purportedly had a duty to Visa but also owed a duty to MNG to make certain that MNG's rights as a merchant was in conformity with the contract or at the very minimum that MNG was aware of the reason for the action before Paymentech turned over funds belonging to MNG.

**ANSWER: The allegations in Paragraph 43 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required. *See* ECF 67. To the extent a response is required, Paymentech denies the allegations in Paragraph 43.**

44. Visa's own rules provide that a "first-time violation" for non-compliance could be a warning letter with specific dates for correction and a fine of up to $1,000.00.

**ANSWER: The allegations in Paragraph 44 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required. *See* ECF 67. To the extent a response is required, Paymentech states that Paragraph 44 purports to characterize and/or reference the Visa Rules. Paymentech states that the complete language and/or content of the Visa Rules can be ascertained from the Visa Rules themselves and Paymentech denies any mischaracterizations of the Visa Rules contained in Paragraph 44. Paymentech denies all remaining allegations in Paragraph 44.**

45. Visa never notified MNG at any time of any violation other than when Visa assessed the fine through Paymentech. MNG learned of the assessment only after receiving a card processing statement.

**ANSWER: The allegations in Paragraph 45 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required. *See* ECF 67. To the extent a response is required, Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and therefore denies the same.**

46. The $25,000.00 non-compliance fee is reserved for a fourth violation of the same rule in a twelve month period after notification of the first violation. In this instance, notification was never made and the agreement itself had only been in effect for less than thirty days.

**ANSWER: The allegations in Paragraph 46 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required.  *See* ECF 67. To the extent a response is required, Paymentech denies the allegations in Paragraph 46.**

47.     Further, Visa failed and refused to respond to demands for explanation or resolution made by and through its agent, Paymentech, and, as such, failed to act within the scope of its agreement with merchants such as MNG, thereby causing MNG to be damaged.

**ANSWER: The allegations in Paragraph 47 are not directed at Paymentech. Answering further, Paymentech states that the Court dismissed Count IV of the First Amended Complaint on August 2, 2019, and therefore no response is required.  *See* ECF 67. To the extent a response is required, Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and therefore denies the same.**

COUNT V AGAINST MASTERCARD - DECLARATORY JUDGMENT

48.     Plaintiff restates and realleges the averments contained in paragraphs 1 through 47 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

**ANSWER: The allegations in Paragraph 48 are not directed at Paymentech. Answering further, Plaintiff voluntarily dismissed Count V on October 4, 2018.  *See* ECF 51, 53.  To the extent a response is required, Paymentech restates and incorporates by reference its answers to Paragraph 1 through 47 of MNG's First Amended Complaint as though full set forth herein.**

49.     Paymentech is still withholding in excess of $38,000.00 to which Paymentech has refused to turn over to MNG based on Paymentech's statement that the "fine" or non-compliance fees levied by Mastercard will be "substantial."

**ANSWER: The allegations in Paragraph 49 are not directed at Paymentech. Answering further, Plaintiff voluntarily dismissed all claims against Defendant Mastercard International, Inc. on October 4, 2018.  *See* ECF 51, 53.  To the extent a response is required, Paymentech denies the allegations in Paragraph 49.**

50.     Mastercard never notified MNG at any time of any violation.

**ANSWER: The allegations in Paragraph 50 are not directed at Paymentech. Answering further, Plaintiff voluntarily dismissed all claims against Defendant Mastercard International, Inc. on October 4, 2018.  *See* ECF 51, 53.  To the extent a response is required, Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 50, and therefore denies the same.**

<u>COUNT VI AGAINST PAYMENTECH, CHASE AND VISA - TORTIOUS INTERFERENCE OF CONTRACT</u>

51.     Plaintiff restates and realleges the averments contained in paragraphs 1 through 47 of Plaintiff's First Amended Complaint as if same were more fully set forth hereafter.

**ANSWER: Paymentech states that the Court dismissed Count VI of the First Amended Complaint on August 2, 2019, and therefore no response is required.  *See* ECF 67. To the extent a response is required, Paymentech restates and incorporates by reference its answers to Paragraph 1 through 47 of MNG's First Amended Complaint as though full set forth herein.**

52.     MNG had a valid contract for payment processing services with Signapay.

**ANSWER: Paymentech states that the Court dismissed Count VI of the First Amended Complaint on August 2, 2019, and therefore no response is required.  *See* ECF 67.  To the extent a response is required, Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and therefore denies the same.**

53.    MNG had negotiated an agreement for expanded service coverage which would substantially enhance MNG's ability to provide services to its customers and would substantially reduce MNG's costs for banking and credit payment processing.

**ANSWER: Paymentech states that the Court dismissed Count VI of the First Amended Complaint on August 2, 2019, and therefore no response is required.  *See* ECF 67.  To the extent a response is required, Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, and therefore denies the same.**

54.    MNG was denied the benefit of the agreement because Paymentech, Chase and Visa reported MNG as a "Terminated Merchant," triggering the blacklisting of MNG from any payment processing provider.

**ANSWER:  Paymentech states that the Court dismissed Count VI of the First Amended Complaint on August 2, 2019, and therefore no response is required.  *See* ECF 67.  To the extent a response is required, Paymentech denies the allegations in Paragraph 54.**

55.    As a result of denominating MNG as a "Terminated Merchant," Signapay was forced to terminate its existing contract with MNG, thereby causing MNG substantial damages.

**ANSWER: Paymentech states that the Court dismissed Count VI of the First Amended Complaint on August 2, 2019, and therefore no response is required.  *See* ECF 67.**

**To the extent a response is required, Paymentech does not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55, and therefore denies the same.**

56.  The actions of Paymentech, Chase and Visa were intentional and without justification or excuse in that the exercise of reasonable discretion would have revealed that MNG did violate the terms of its agreement.

**ANSWER: Paymentech states that the Court dismissed Count VI of the First Amended Complaint on August 2, 2019, and therefore no response is required. *See* ECF 67. To the extent a response is required, Paymentech denies the allegations in Paragraph 56.**

## PRAYERS FOR RELIEF

FURTHER ANSWERING, Paymentech denies that Plaintiff is entitled to any relief whatsoever and therefore denies that any relief should be awarded pursuant to Plaintiff's *ad damnum* clauses (or "Wherefore" clauses) in the First Amended Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Although Paymentech denies the allegations of the First Amended Complaint as stated above, it raises the following additional defenses.  Inclusion of such defenses is not intended to shift the burdens of proof or persuasion imposed by law.  Moreover, inclusion of these defenses shall not be deemed an admission of liability, damages, or other essential elements of Plaintiff's claims, but rather as alternative or additional defenses that may bar or otherwise limit recovery.

## FIRST DEFENSE

Plaintiff's First Amended Complaint, and each count thereof, fails to state a claim upon which relief may be granted against Paymentech and further fails to state facts sufficient to entitle Plaintiff to the relief sought against Paymentech.

## SECOND DEFENSE

Plaintiff's claims fail because Plaintiff has not been damaged by any acts of Paymentech and, to the extent Plaintiff has damages, such damages were caused by Plaintiff's own actions or inactions.

## THIRD DEFENSE

Plaintiff's claims fail because Plaintiff has not been damaged by any acts of Paymentech and, to the extent Plaintiff has damages, such damages may have been caused by independent third parties or by an intervening and superseding cause, including but not limited to the credit reporting agencies, third party lenders, or other individuals or entities as may be revealed in discovery, over whom Paymentech has no control and for whom Paymentech has no responsibility.

## FOURTH DEFENSE

Plaintiff's claims fail because Plaintiff has not been damaged by any acts of Paymentech and, to the extent Plaintiff has damages, Plaintiff failed to mitigate her damages.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and unclean hands.

## SIXTH DEFENSE

Plaintiff's claims against Paymentech are barred, in whole or in part, due to Plaintiff's prior material breach of the Merchant Agreement, and its breach precludes its claims.

## SEVENTH DEFENSE

Plaintiff's claims are barred and/or circumscribed by the express terms of the Merchant Agreement.

**EIGHTH DEFENSE**

Plaintiff's claims against Paymentech are barred by the economic loss doctrine because there is an applicable contract between Plaintiff and Paymentech, and Plaintiff's claims are governed by that contract.  Plaintiff's claims are barred and/or circumscribed by the express terms of the Merchant Agreement between Plaintiff and Paymentech.

**NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the Limitation of Liability provision of the Merchant Agreement.

**TENTH DEFENSE**

Plaintiff's claims are subject to the Merchant Agreement, which includes a valid and binding arbitration provision, wherein either party may—without the other's consent—elect mandatory, binding arbitration for any claim, dispute, or controversy between the parties.  As such, the proper forum for Plaintiff's claims against Paymentech is arbitration.  ***Paymentech reserves the right to elect arbitration, intends to meet-and-confer regarding arbitration with Plaintiff's counsel and to file a motion to compel arbitration if necessary, and the filing of this Answer and Affirmative Defenses does not waive Paymentech's right to elect arbitration.***

**ELEVENTH DEFENSE**

Paymentech incorporates the defenses raised by other defendants in response to Plaintiff's First Amended Complaint.

**TWELFTH DEFENSE**

Paymentech states that its investigation of this matter is ongoing, and Paymentech hereby reserves the right to state additional affirmative defenses as applicable to the claims alleged herein.

WHEREFORE, having fully answered the allegations in Plaintiff MNG 2005, Inc.'s First Amended Complaint, and set forth its defenses thereto, Defendant Paymentech, LLC respectfully requests that the Court grant judgment in its favor, dismiss Plaintiff's Complaint with prejudice, award Paymentech its costs incurred herein, and grant any further relief the Court deems proper.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ David M. Mangian
    Christopher M. Hohn, #44124MO
    David M. Mangian, # 61728MO
    One US Bank Plaza
    St. Louis, Missouri 63101
    314-552-6000
    FAX 314-552-7000
    chohn@thompsoncoburn.com
    dmangian@thompsoncoburn.com

*Attorneys for Defendant Paymentech, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

/s/ David M. Mangian