UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MNG 2005, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:18-cv-01155-JAR |
| PAYMENTECH, LLC, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant Paymentech, LLC's Motion for Reconsideration. (Doc. 68.) Plaintiff MNG 2005, Inc., has filed a memorandum in opposition. (Doc. 71.) Also pending are Plaintiff's Motion for Leave to Amend (Doc. 75), and Motion for Extension of Time (Doc. 79). Defendant has responded to both motions. (Docs. 77, 80.)

## Motion for Reconsideration (Doc. 68)

On August 2, 2019, the Court entered an order granting in part Paymentech's Motion to Dismiss. (Doc. 67.) The Court dismissed Counts II and VI against Paymentech but denied its request to dismiss Count III. (*Id.*) Paymentech argues that Count III, a claim for conversion, fails as a matter of law because Plaintiff seeks repayment of a monetary amount rather than a specific chattel. (Doc. 68.)

Under Federal Rule of Civil Procedure 54(b), a district court may "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Evans v. Contract Callers, Inc.*, No. 4:10CV2358 FRB, 2012 WL 234653, at *2 (E.D. Mo. Jan. 25, 2012) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856-57 (8th

Cir. 2008)). The Court may amend or reconsider its ruling "to correct any clearly or manifestly erroneous findings of facts or conclusions of law" but may not do so based on facts or legal arguments "which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought." *Evans*, 2012 WL 234653, at *2 (citations omitted).

Paymentech's argument is well taken and the Court concludes that dismissing Count III is appropriate. Conversion is not an appropriate vehicle to recoup money except in uncommon situations where the money represents some specific chattel. *See Boswell v. Panera Bread Co.*, 91 F. Supp. 3d 1141, 1145 (E.D. Mo. 2015) ("there is no claim for conversion where the defendant allegedly retained funds"); *Capitol Indem. Corp. v. Citizens Nat. Bank of Fort Scott, N.A.*, 8 S.W.3d 893, 900 (Mo. Ct. App. 2000) (citation omitted) ("Specific checks, drafts or notes will support a cause of action for conversion where they can be described or identified as a specific chattel")). Put simply, a plaintiff cannot "recast what amounts to a claim for damages into a claim for conversion." *Boswell*, 91 F. Supp. 3d at 1145. That is precisely what Plaintiff seeks to do in this case. Accordingly, the Court will grant Paymentech's Motion for Reconsideration and will dismiss Count III as against it.

**Motion for Leave to Amend (Doc. 75)**

Motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. See Lexington Ins. Co. v. S & N Display Fireworks, Inc., 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011). Under Rule 15(a), leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Sherman v. Winco*

*Fireworks, Inc.*, 532 F. 3d 709, 715 (8th Cir. 2008). "The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial." *Nadist*, *LLC v. Doe Run Res. Corp.*, No. 4:06CV969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009) (citing *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001)). "Whether to grant a motion for leave to amend is within the discretion of the Court." *Id.* (citing *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).

Defendants' oppose Plaintiff's motion on the ground that it fails to sufficiently explain the new parties, facts, or claims. (Doc. 77.) The Court believes Defendants' arguments are better suited for a later filing after Plaintiff has formally amended its complaint. The Court will therefore grant its leave but will direct Plaintiff to file a new amended complaint in light of the Court's dismissal of Count III.

### Motion for Extension of Time (Doc. 79)

Upon review and in light of the Court's ruling on the other motions, the Court will grant Plaintiff's extension. Plaintiff shall respond to Defendants' discovery requests no later than November 18, 2019.

Accordingly,

**IT IS HEREBY ORDERED** that Paymentech's Motion for Reconsideration (Doc. 68), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff MNG 2005, Inc.'s Motion for Leave to Amend (Doc. 75), is **GRANTED.** Plaintiff shall file a new amended complaint that complies with this order within thirty (30) days of the date of its date.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 79), is **GRANTED.** Plaintiff shall respond to Defendants' discovery requests no later than November 18, 2019.

Dated this 15th day of October, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE