UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MNG 2005, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01155-JAR |
| | ) | |
| PAYMENTECH, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' COMBINED MOTION TO DISMISS**
**THIRD AMENDED COMPLAINT**

COME NOW Defendant Paymentech, LLC ("Paymentech"), JPMorgan Chase Bank, N.A. ("Chase"), and Visa USA, Inc. ("Visa"), through counsel, and move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts I and III of Plaintiff MNG 2005, Inc.'s ("Plaintiff") Third Amended Complaint ("Complaint").  In support of their Motion, Defendants state as follows:

1. Plaintiff filed the Complaint on November 25, 2019. *See* ECF 86. The Complaint asserts the following three claims for relief:  (Count I) Unfair Business Practices against Chase, Paymentech, and Visa; (Count II) Breach of Contract against Paymentech and Chase; and (Count III) Unjust Enrichment against Paymentech and Visa.  ECF 86.

2. This Motion addresses Counts I and III only because the Court has already ruled that Plaintiffs' allegations are sufficient to state a claim for breach of contract (Count II) against Chase and Paymentech.  *See* ECF 67.

3. The Court should dismiss Plaintiff's new claim for "unfair business practices" (Count I) for the following reasons:

   a. The generic conclusory allegations in Count I fail to meet basic pleading requirements for antitrust claims established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

b. Plaintiff fails to identify whether it is proceeding under only the Sherman Act, and if so, whether Plaintiff is asserting a claim under Section 1 and Section 2 of the Sherman Act. Count I contains a smattering of both Section 1 and Section 2 type references, but is grossly inadequate to properly allege a claim under either Section.

c. Plaintiff fails to allege (and cannot allege) antitrust injury, which is a "substantive element of an antitrust claim." *Somers v. Apple, Inc.*, 729 F.3d 953, 963 (9th Cir. 2013). Plaintiff's allegations of injury to *its* business, is not an antitrust injury. *See Paladin Assoc. v. Montana Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003).

d. Plaintiff fails to allege a relevant market, which is required for both a Section 1 and Section 2 claim. *See Verizon,* 540 U.S. at 408 (2004); *Copperweld Corp. v. Independent Tube Corp.,* 467, U.S. 752 (1984).

e. Plaintiff fails to allege concerted action necessary to support a claim under Section 1 of the Sherman Act. The *only* allegation of concerted action in Count I is stated as a conclusion relating to the actions taken by "Visa, collectively with Paymentech and Chase." There are no allegations as to what this supposed "collective" action was, when it occurred, or who participated—let alone the requisite "plus factors."

f. Plaintiff's *ad damnum* clause is defective in that it seek punitive damages, which are not recoverable under the Sherman Act.

g. Paymentech is also entitled to dismissal of Count I on the grounds that no relief whatsoever is sough against it in Count I's *ad damnum* clause.

4. The Court should dismiss Plaintiff's unjust enrichment claim (Count III) because the subject matter of the parties' dispute is expressly covered by the Merchant Agreement. *See, Howard v. Turnball*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010); *Lowe v. Hill*, 430 S.W.3d 346, 349 (Mo. Ct. App. 2014); *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000); *Affordable Communities of Missouri v. Federal Nat. Mortg. Ass'n*, 714 F.3d 1069, 1077 (8th Cir. 2013).

5. Defendants' arguments in support of dismissal of Counts I and III are more fully set out in their contemporaneously filed Memorandum in Support of Combined Motion to Dismiss.

WHEREFORE, Defendants Paymentech, LLC, JPMorgan Chase Bank, N.A., and Visa USA, Inc. respectfully request that the Court enter an order dismissing Counts I and III of

Plaintiff's Third Amended Complaint, and grant such other and further relief as the Court deems necessary and proper.

> Respectfully submitted,
>
> THOMPSON COBURN LLP
>
> By /s/ David M. Mangian
>    Christopher M. Hohn, #44124MO
>    David M. Mangian, # 61728MO
>    One US Bank Plaza
>    St. Louis, Missouri 63101
>    314-552-6000
>    FAX 314-552-7000
>    chohn@thompsoncoburn.com
>    dmangian@thompsoncoburn.com
>
> *Attorneys for Defendants Paymentech, LLC,*
> *JPMorgan Chase Bank, N.A., and Visa USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

> /s/ David M. Mangian