UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MNG 2005, INC., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:18-cv-01155-JAR |
| PAYMENTECH, LLC, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on two motions filed by Plaintiff MNG 2005 ("MNG"): : a Motion to Join Visa as a necessary party (Doc. 85); and a Motion for Leave to Join G2 as a necessary party and to Amend Pleadings (Doc. 103).

## **Background**

Put simply, MNG contracted with Defendant Paymentech, LLC, to process internet payments from Defendants JP Morgan Chase Bank, N.A. ("Chase") and Visa USA, Inc. ("Visa") cardholders. MNG sells, among other things, oils derived from hemp. Visa notified Paymentech that MNG's business violated Visa's brand rules, which required Paymentech to stop processing payments to MNG. MNG asserts that, once it was listed on Visa's "terminated merchant list," it was unable to transact with any other financial institution.

MNG has already amended its complaint multiple times. Most recently, this Court granted leave to file a Third Amended Petition. (Doc. 82.) MNG now seeks permission to add Visa—which successfully moved for dismissal of all claims against it—and G2 Web Services ("G2")—which MNG claims maintains and monitors Visa's terminated merchants list—as necessary

1

parties. (Docs. 85, 103.) MNG simultaneously moves for leave to file a Fourth Amended Complaint, arguing that the discovery of G2's involvement and other new information supports additional claims. (Doc. 103.) Defendants oppose amendment, noting that the Third Amended Complaint is already the subject of a fully-briefed motion to dismiss and that amendment is futile because MNG's new claims fail. (Doc. 105.)

## Legal Standards

Motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure. See Lexington Ins. Co. v. S & N Display Fireworks, Inc., No. 1:11-cv-00040-CEJ, 2011 WL 5330744, at *2 (E.D. Mo. Nov. 7, 2011). Under Rule 15(a), leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, denial of leave to amend pleadings is appropriate only if "there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial." *Nadist*, *LLC v. Doe Run Res. Corp.*, No. 4:06CV969 CDP, 2009 WL 3680533, at *1 (E.D. Mo. Oct. 30, 2009) (citing *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001)). "Whether to grant a motion for leave to amend is within the discretion of the Court." *Id*. (citing *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).

Meanwhile, a plaintiff must join any party whose presence is necessary to avoid a risk of "double, multiple, or otherwise inconsistent obligations" for the other defendants. Fed. R. Civ. P. 19 (a).

## Discussion

The Court begins by noting that MNG's repeated efforts to amend its pleadings has complicated the case. To that end, Defendants correctly note that further amendments would undermine their fully-briefed partial motion to dismiss the Third Amended Complaint and require a significant time and effort preparing a redundant motion. That said, the Court believes that one last application of Rule 15(a)'s liberal leave will help bring about the expeditious resolution of this case. To that end, the Court will grant MNG's pending motions and will direct the Clerk to docket the Fourth Amended Complaint joining Visa and G2. The Court has thus far given MNG great leeway regarding changes to its pleadings, but it will grant no further amendment.

Further, the Court has reviewed the factual allegations and substantive claims in both the Third and Fourth Amended Complaints and notes that the are largely the same. As such, to avoid duplicative effort, the Court will apply the arguments made in Defendants' motion for partial dismissal of the Third Amended Complaint to the parallel claims in the Fourth Amended Complaint. Likewise, the Court will give Defendants time to supplement their motion for partial dismissal to the extent necessary to address the additional facts and claims raised in the new complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff MNG 2005's Motion to Join Necessary Party (Doc. 85), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff MNG 2005's Motion for Leave to Join a Necessary Party and Amend Pleadings (Doc. 103), is **GRANTED**. The Clerk is directed to docket Plaintiff's Fourth Amended Complaint.

**IT IS FINALLY ORDERED** that Defendants shall **within fourteen (14) days of the date of this order**, file any supplement to their Partial Motion to Dismiss (Doc. 89). Plaintiff shall file

its response **no later than seven (7) days thereafter** and Defendants shall have **seven (7) days** to reply.

      Dated this 9th day of July, 2020.

                                          _____
                                          JOHN A. ROSS
                                          UNITED STATES DISTRICT JUDGE