UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MNG 2005, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01155-JAR |
| | ) | |
| PAYMENTECH, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS'
COMBINED MOTION TO DISMISS FOURTH AMENDED COMPLAINT**

COME NOW Defendants JPMorgan Chase Bank, N.A. ("Chase") and Visa USA, Inc.

("Visa") (collectively, "Defendants")[1] and submit this Supplemental Memorandum pursuant to the

Court's July 9, 2020 Order granting Plaintiff leave to file the Fourth Amended Complaint. *See*

ECF 108.

## I.    INTRODUCTION

The only substantive change between Plaintiff's Third Amended Complaint and the Fourth

Amended Complaint is the addition of a defamation claim (Count IV[2]) against Visa and Chase.

Plaintiff's defamation claim is premised on the allegation that "Visa notified Chase that MNG was

---

[1] This Supplemental Memorandum in not submitted by Defendant Paymentech, LLC ("Paymentech") because Count IV of the Fourth Amended Complaint is not directed to Paymentech, and, as discussed in footnote 2 below, the claims asserted against Paymentech are addressed in the Combined Motion to Dismiss Third Amended Complaint and Memorandum in Support (ECF 89-90). This Court also previously dismissed a defamation claim asserted against Paymentech. *See* ECF 67.

[2] This Supplemental Memorandum addresses Count IV of the Fourth Amended Complaint only because, as the Court noted in its July 9 Order, Counts I, II and III of the Fourth Amended Complaint are "largely the same" as Counts I, II, and III in the Third Amended Complaint. Defendants' arguments for dismissal of Counts I, II, and III of the Fourth Amended Complaint are set forth in their Combined Motion to Dismiss Third Amended Complaint and Memorandum in Support (ECF 89-90), which arguments the Court stated it "will apply . . . to the parallel claims in the Court Amended Complaint." ECF 108 at 3.

engaged in illegal activities and was the subject of a law enforcement inquiry" (ECF 104 at ¶ 71), which notification, Plaintiff alleges, resulted in Chase placing Plaintiff on the MATCH list. ECF 104 at ¶ 72. The Court should dismiss Plaintiff's defamation claim as to Chase with prejudice because Plaintiff fails to allege a defamatory statement by Chase and this Court has already held that placement on the MATCH list is insufficient in and of itself to support a claim for libel or slander. *See* ECF 67 (dismissing claim for "libel and slander" against Paymentech). The Court should dismiss Plaintiff's defamation claim as to both Chase and Visa with prejudice because, like Plaintiff's previous attempt to assert a defamation claim in this case, the conclusory allegations of harm are insufficient to satisfy federal pleading standards. *See id*.

## II.     ARGUMENT

### A.     The Court Should Dismiss Count IV As Against Chase Because Plaintiff Fails To Allege That Chase Made A Defamatory Statement About Plaintiff.

It is axiomatic that in order to state a claim for defamation against Chase, Plaintiff must allege that Chase (not Visa) made a defamatory statement about Plaintiff. *See T-Mobile USA, Inc. v. Yoak*, No. 4:10CV02244 AGF, 2011 WL 2792435, at *2 (E.D. Mo. July 18, 2011) (citing *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 70 (Mo. 2000)) ("A properly pled slander claim requires factual allegations showing: . . . (2) of a defamatory statement . . . ."); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) ("Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse . . . [and] truth is an affirmative defense to slander."); *Moore v. Credit Info. Corp. of Am.*, 673 F.2d 208, 210 (8th Cir. 1982) (plaintiff "was required to prove the following elements which are essential to a libel or slander case:  1. a libelous publication or slanderous statement . . . ."); *Johnson v. Phillips*, 526

S.W.3d 529, 534 (Tex. App. 2017) ("Generally, to prevail on a cause of action for libel, a plaintiff who is a private individual must prove that the defendant (1) published a statement . . . .").

The Fourth Amended Complaint does not allege that Chase made a defamatory statement about Plaintiff. *See* ECF 104 at ¶¶ 71-77. Instead, Plaintiff attempts to premise its defamation claim against Chase on Plaintiff's placement on the MATCH list. *See* ECF 104 at ¶¶ 72, 74. This Court has already held that placement on the MATCH list does not support a claim for defamation. *See* ECF 67 at 5 ("Appearing on a list of vendors excluded from Defendants' payment processing system is not 'a false statement of fact,' but rather a statement of Plaintiff's relationship with Defendants (whether that statement accurately reflects Plaintiff's compliance with the Merchant Agreement is a separate matter). Further, there is no allegation that the allegedly defamatory statements regarding the illegality of Plaintiff's business were published when it was listed as a terminated merchant.").

In short, the Court should dismiss Count IV to the extent direct at Chase with prejudice because Plaintiff does not allege that Chase made a defamatory statement and the Court has already held that placement on the MATCH list alone is insufficient to support a defamation claim.

B. **The Court Should Dismiss Count IV With Prejudice Because The Complaint Does Not Contain Facts Plausibly Establishing Actual Damage To Plaintiff's As A Result Of Any Allegedly Defamatory Statement.**

Actual damages is a required element of a claim for defamation under Missouri and Texas law. *See King v. Union Station Holdings, LLC*, No. 4:12CV696SNLJ, 2012 WL 5351598, at *2, *5 (E.D. Mo. Oct. 30, 2012) (citing *Cockram v. Genesco*, 680 F.3d 1046, 1053-54 (8th Cir. 2012); *Kenney v. Wal-Mart Stores, Inc.*, 100 S.W.3d 809, 817 (Mo. 2003); *The Fireworks Restoration Co., LLC v. Hosto et al.*, 371 S.W.3d 83,87 (Mo. Ct. App. 2012)); *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Texas 2017). Thus, in order to state a claim for defamation against Visa and/or Chase,

Plaintiff must allege facts—not conclusions—plausibly suggesting it suffered actual damages as a result of the alleged defamatory statement(s). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The Court should dismiss Count IV with prejudice because the allegations in the Fourth Amended Complaint fall well short of this basic federal pleading standard and Plaintiff has had multiple opportunities to amend its claims.

The Fourth Amended Complaint does not contain any factual allegations plausibly establishing Plaintiff has suffered actual injury as a result of any allegedly defamatory statement. Rather, Plaintiff simply concludes that Visa's alleged statement has "cast doubt upon the character of MNG" (ECF 104 at ¶ 73) and that Plaintiff has "sustained substantial damages" as a result of Visa's alleged statement. ECF 104 at ¶ 76. Plaintiff does not explain how Plaintiff's character has allegedly been diminished or if or how such alleged "doubt" about Plaintiff's character has caused actual injury to Plaintiff. Nor does Plaintiff explain what "substantial damages" it has incurred as a result of Visa's alleged statement.

Plaintiff's conclusions regarding damages are not sufficient to state a claim for relief under *Twombly's* plausibility standard. In fact, this Court found similar conclusory allegations of harm insufficient to support a claim for defamation when it dismissed a similar defamation claim against Paymentech. *See* ECF 67 at 6 ("In addition, Plaintiff's allegation of harm is insufficient; "[c]onclusory statements are not probative and accordingly will not sufficient to establish a prima facie case.") (*quoting Fawcett v. Grocu*, 498 S.W.650, 660 (Tex. App. 2016)). Specifically, this Court held that "Plaintiff's bald assertion that placing it on the terminated merchant list 'caus[ed it] to incur substantial damages' is too conclusory to support a defamation claim." *Id.* at 6-7. The Court should follow its previous order and dismiss Plaintiff's new defamation claim for failure to allege facts plausibly establishing actual damage.

### III.   CONCLUSION

For these reasons, the Court should dismiss Count IV of the Fourth Amended Complaint in addition to dismissing Counts I and III for the reasons set forth in Defendants' previously filed Motion to Dismiss the Third Amended Complaint and Memorandum in Support.  The dismissal of Counts I, III, and IV should be with prejudice because Plaintiff has had ample opportunity to amend its Complaint and this Court has already held that it will not allow Plaintiff to further amend its pleadings.

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ David M. Mangian
    Christopher M. Hohn, #44124MO
    David M. Mangian, # 61728MO
    One US Bank Plaza
    St. Louis, Missouri 63101
    314-552-6000
    FAX 314-552-7000
    chohn@thompsoncoburn.com
    dmangian@thompsoncoburn.com

*Attorneys for Defendants Paymentech, LLC,*
*JPMorgan Chase Bank, N.A., and Visa USA, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

/s/ David M. Mangian