**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MNG 2005, INC., | ) |
|     Plaintiff, | ) ) ) |
| v. | )    Case No. 4:18-CV-01155-JAR |
| PAYMENTECH, LLC, et al., | ) ) ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff MNG 2005, Inc.'s Motion to Quash Deposition of Kevin Martin and Subpoenas Directed to Kevin Martin and Midwest Regional Bank. (Doc. 145). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be granted in part and denied in part.

**I.  BACKGROUND**

Plaintiff MNG 2005, Inc. sells cannabidiol ("CBD") products. In April 2018, Plaintiff entered a contract (the "Merchant Agreement") with Defendants J.P. Morgan Chase Bank, N.A. ("Chase") and Paymentech, LLC ("Paymentech") for credit card processing services. Shortly thereafter, as alleged in the Fourth Amended Complaint (Doc. 104), Paymentech ceased processing Plaintiff's transactions and withheld over $66,000 in payments after Chase was informed by Defendant Visa USA, Inc. ("Visa") that Plaintiff was engaged in brand-damaging transactions. After extensive amendment of pleadings and motion practice, the following counts in Plaintiff's Fourth Amended Complaint remain present in this case: Count II against Paymentech and Chase for breach of the Merchant Agreement; Count III for unjust enrichment against Visa; and Count IV for defamation against Visa. (Doc. 132 at 19).

Plaintiff claims that due to Defendants' actions it has been denied credit card processing services and suffered reputational harm. (Doc. 104 at ¶¶ 30, 33, 62, 65, 73-74). During discovery, Plaintiff indicated it was denied credit card processing services by Midwest Regional Bank ("Midwest Regional") (among others) in July 2018. (Doc. 149-3 at 6). Plaintiff also produced a reference letter from Kevin Martin ("Martin"), Assistant Vice President at Midwest Regional, dated February 4, 2021 (the "Reference Letter"), as evidence of its strong reputation. (Doc. 149-6). On or about May 4, 2021, Defendants issued subpoenas duces tecum to third-parties Midwest Regional and Martin. (Docs. 149-1, 149-2). Defendants seek to depose Martin and request production of various pieces of information, including all documents relating to the Reference Letter and other documents relating to any account held by Plaintiff at MNG. (Doc. 149-1 at 5-7). Plaintiff requests that this Court quash the subpoenas on various grounds. (Doc. 145).

## II.  ANALYSIS

This Court has considerable discretion in handling pretrial discovery. *Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC*, 784 F.3d 1183, 1198 (8th Cir. 2015). Broadly, this Court finds that Plaintiff has put its relationship with Midwest Regional at issue by claiming damages in the form of denied credit card processing and reputational harm. Having said that, the Court also believes that certain of Defendants' requests are over-broad and seek information which may be confidential or commercially sensitive. This Court will proceed to address the parties' specific arguments with these considerations in mind.

First, this Court agrees with Defendants that Plaintiff failed to comply with E.D. Mo. L.R. 3.04(A) in multiple respects. Plaintiff did not attempt to confer with Defendants and failed to attach the relevant documents to its filing. Plaintiff responds that it was required to act on an expedited time frame in light of E.D. Mo. L.R. 3.04(B). But Martin's deposition was not scheduled until June

2

30, 2021 (Doc. 149-2 at 5), providing Plaintiff ample time to confer with Defendants. In its discretion and despite these deficiencies, this Court will address Plaintiff's motion to expedite resolution of this issue. *See Davis v. Bemiston-Carondelet Corp.*, No. 4:05-CV-941 DDN, 2006 WL 8459058, at *1 (E.D. Mo. Mar. 13, 2006) ("Because the subject issues are likely to recur unless ruled . . . the court proceeds to rule the dispute, rather than commit the matter back to a conference of counsel.").

Second, Defendants argue that Plaintiff lacks standing to challenge a third-party subpoena. Generally, a motion to quash a subpoena duces tecum "may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested." *Boaz v. FE Express, LLC*, No. 4:15-CV-1271 CAS, 2016 WL 2733121 at *1 (E.D. Mo. May 11, 2016) (citations omitted). This Court agrees with Plaintiff that it has standing to challenge the third-party subpoenas at issue, but only to the extent that Plaintiff seeks to protect its confidential business information. *See Enviropak Corp. v. Zenfinity Cap., LLC*, No. 4:14-CV-754 ERW, 2014 WL 4715384, at *5 (E.D. Mo. Sept. 22, 2014); *see also* Fed R. Civ. P. 45(d)(3)(B)(i) (court may quash a subpoena which requires disclosure of trade secret or confidential commercial information).

In its motion, however, Plaintiff repeatedly objects that the subpoenas are burdensome and "require[] unreasonable efforts and expense on behalf of the responding parties." (Doc. 145 at 5). Simply put, this is not Plaintiff's objection to make. Therefore, this Court will tailor its order to ensuring that Plaintiff's confidential business information remains protected and the discovery is limited to relevant information. The Court notes that the parties have entered a Confidentiality Agreement and Stipulated Protective Order (Doc. 94), which should mitigate Plaintiff's privacy concerns.

Finally, the parties dispute whether the information sought by Defendants' subpoenas is relevant. In light of the injuries claimed by Plaintiff, this Court finds that Defendants are entitled to discovery concerning (1) Midwest Regional's 2018 denial of credit card processing services; (2) the grounds for its Reference Letter; and (3) Plaintiff's business operations since the events precipitating this lawsuit. Such information is clearly relevant to Plaintiff's claims and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). This Court will not, however, license a fishing expedition into Plaintiff's entire financial relationship with Midwest Regional, which extends well beyond the events leading up to this lawsuit. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (Liberal standard of relevance "should not be misapplied to allow fishing expeditions in discovery."). Defendants cite the 2018 denial and Reference Letter as the grounds for relevance but seek information unrelated to those events. Defendants' request, for example, for information "relating to the opening of any account held by [Plaintiff] at Midwest [Regional]" (Doc. 145 at 3) is overbroad and unnecessarily implicates portions of Plaintiff's confidential business information irrelevant to any issue in this case.

At this time, the Court will not individually address each request in the subpoenas served on Martin and Midwest Regional. Certain requests seek both relevant and irrelevant information. Instead, this Court will order the parties to meet, confer, and attempt to mutually agree on a properly limited set of subpoenas in light of this Court's guidance. The parties should also avoid unnecessarily requiring the third parties to provide discovery which Plaintiff can produce. *See Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (citation omitted) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *see also* Fed. R.

Civ. P. 45(d)(1) (Parties should avoid imposing "undue burden or expense" on a person subject to a subpoena.").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff MNG 2005, Inc.'s Motion to Quash Deposition of Kevin Martin and Subpoenas Directed to Kevin Martin and Midwest Regional Bank (Doc. 145) is **GRANTED in part** and **DENIED in part**. Defendants are entitled to obtain discovery from Midwest Regional and may depose Martin. Such discovery and deposition, however, shall be strictly limited to information concerning (1) the 2018 denial of credit card processing services; (2) the Reference Letter; and (3) Plaintiff's business operations since the events precipitating this lawsuit.

**IT IS FURTHER ORDERED** that, within <u>**ten (10) days**</u> of this Memorandum and Order, the parties **shall meet and confer.** At such conferral, the parties shall (1) identify information sought in the subpoenas at issue which Plaintiff is capable of producing and (2) align on revised subpoenas to be issued to Martin and Midwest Regional in light of this Memorandum and Order.

Dated this 16th day of June, 2021.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE